United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GMAC, INC.,

    Plaintiff,

v.

GROTH BROS. OLDSMOBILE, INC.,

    Defendant.

_____/

No. C 10-1669 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND REFERRAL TO MAGISTRATE JUDGE**

Plaintiff's application for a temporary restraining order ("TRO") came on for hearing before this court on April 28, 2010.  Plaintiff GMAC, Inc. appeared by its counsel Andrew Elliott, and defendant Groth Bros. Oldsmobile, Inc. appeared by its counsel William Ghiringhelli.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the application for the TRO as follows and for the reasons stated at the hearing.

Requests for TROs are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

1  Here, plaintiff has not applied the standard set forth by the Supreme Court in <u>Winter</u>,
2  and therefore has not met its burden as the moving party. While plaintiff has arguably
3  established a likelihood of success on the merits of its first cause of action, it has not
4  established that it is likely to suffer irreparable harm in the absence of the requested relief.
5  Most notably, the value of the available collateral appears to exceed the amount owed to
6  plaintiff by defendant.

7  Along with the application for the TRO, plaintiff filed an application for a writ of
8  possession. As indicated at the hearing, the court refers that matter to a Magistrate Judge
9  pursuant to Civil Local Rule 72-1 for hearing and resolution. The parties will be advised
10 of the new hearing date by the assigned Magistrate Judge.

12 **IT IS SO ORDERED.**
13 Dated: April 30, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2