1  DUANE M. GECK (State Bar No. 114823)
   DONALD H. CRAM (State Bar No. 160004)
2  ANDREW S. ELLIOTT (State Bar No. 254757)
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, CA  94111
   Telephone:  (415) 398-3344
5  Facsimile:  (415) 956-0439

6  Attorneys for Plaintiff
   GMAC INC.

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

10 GMAC INC., a Delaware corporation,        Case No.:  CV-10-01669 PJH

11                 Plaintiff,                **[PROPOSED] ORDER RE
                                             STIPULATION FOR ORDER FOR
12        vs.                                AMENDED WRIT OF POSSESSION
                                             AND INJUNCTIVE RELIEF**
13 GROTH BROS. OLDSMOBILE, INC., a
   California corporation,

14
                   Defendant.
15

16

17                              **ORDER**

18        After reviewing the Stipulation dated September 23, 2010, and entered into between

19 GMAC INC., now known as Ally Financial Inc., a Delaware corporation ("GMAC"), and

20 Defendant Groth Bros. Oldsmobile, Inc., a California corporation dba Groth Bros. Chevrolet

21 ("Groth Chevrolet."), and

22        GOOD CAUSE APPEARING, THEREFORE,

23        IT IS HEREBY ORDERED that:

24        1.      Defendant Groth Chevrolet has stipulated to issuance of an Order for Amended

25 Writ of Possession and Injunctive Relief.

26        2.      By the Stipulation, Groth Chevrolet agrees that GMAC has established the

27 probable validity of its security interest in, and claim to possession of, the vehicles identified on

28 the attached **Exhibit A** and all of Groth Chevrolet's furniture, fixtures, machinery, supplies and

other equipment, all motor vehicles, tractors, trailers, implements, service parts and accessories and other inventory of every kind, all accounts, contract rights, chattel paper and general intangibles as described in the attached **Exhibit B** (together, the "Collateral"), and that Defendant Groth Chevrolet is in default on its loan obligations owing to GMAC.

3.     GMAC has established that the Collateral is located at Groth Chevrolet's place of business at 59 S. "L" Street, Livermore, California 94550 (the "Dealership").

4.     The Clerk of this Court shall issue a writ of possession as provided in California Code of Civil Procedure section 512.010 et seq.

5.     The levying officer may enter the following private places at any time or times, using any necessary reasonable force, whether the premises are occupied or unoccupied, to take possession of the Collateral or some part thereof: 59 S. "L" Street, Livermore, California 94550.

6.     The levying officer is authorized to remain on Groth Chevrolet's business premises at all times until all the Collateral is removed from the Dealership.  The levying officer within whose jurisdiction the Collateral, or some part thereof, is located, is authorized to execute the Writ of Possession and levy on the Collateral in either of the following manners as directed by GMAC:

　　　a.     The levying officer may seize the Collateral and retain custody of it in the manner provided by California Code of Civil Procedure sections 514.010 - 514.050; or

　　　b.     The levying officer within whose jurisdiction the Collateral, or some part thereof, is located may maintain the peace while GMAC, its agents and employees take and maintain possession of the Collateral in the manner provided by California Code of Civil Procedure sections 514.010 - 514.050.

7.     Upon delivery of the Collateral to GMAC, the levying officer shall be held harmless as to the transport, storage, and maintenance of the Collateral.

8.     GMAC, its attorneys, or persons under its supervision shall accompany the levying officer or its deputies during the service and execution of this Court's Writ of Execution with respect to all personal property including the vehicles listed in the attached **Exhibit A** which are located at 59 S. "L" Street, Livermore, California 94550.

- 2 -

9.      GMAC is authorized to use a single USM-285 form which will refer to a list including all motor vehicles comprising a portion of the Collateral and identifying each motor vehicle specifically by make, model, year, and vehicle identification number. The levying officer is directed to accept such form in full compliance with its procedures requiring the use of form USM-285.

10.      GMAC, and/or its authorized agents and assigns, is authorized to act as substitute custodian ("Substitute Custodian") of any and all items of personal property that are located and seized within the State of California pursuant to this Order. As Substitute Custodian, it shall hold harmless the levying officer and its deputies from liability arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Collateral arising in the ordinary, authorized scope of the duties of the levying officer and its deputies (which acts do not include acts arising from negligent or intentional tortious conduct), including any third-party claims, and the levying officer shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods. The levying officer shall request proof of insurance from the Substitute Custodian before surrendering the Collateral to the Substitute Custodian.

11.      GMAC is to store the Collateral in a reasonable manner and either GMAC or the storage facility shall carry sufficient insurance to protect the Collateral from loss prior to its sale or disposition. GMAC shall dispose of the Collateral in the manner provided under the California Uniform Commercial Code.

12.      GMAC has established that it has a security interest in the Collateral of Groth Chevrolet. GMAC has established it has a right to attach property of Groth Chevrolet under this Order and the Writ of Possession, and that it is authorized to take possession of the Collateral in the bank accounts (the "Accounts") of Groth Chevrolet wherever located. GMAC is authorized under this Order and Writ of Possession to have a Writ of Attachment issued by the Clerk of this Court as provided in Code of Civil Procedure section 483.010 et seq. GMAC is authorized under this Order, and subsequently issued Writ of Attachment, to have the levying officer serve a Writ of Attachment upon any financial institution with possession of Collateral for turnover of the Collateral in the Accounts to GMAC in the manner provided under Code of Civil Procedure

- 3 -

section 488.010 et seq.  GMAC is not required to first obtain a Right to Attach Order (Judicial

Counsel Form AT-120) for the levying officer to serve the Writ of Attachment.  Groth Chevrolet

shall not issue checks, drafts or other form of withdrawals from the Accounts from the date of the

issuance of this Order except to make payment to GMAC.

13.     Groth Chevrolet shall deliver and turn over the Collateral to GMAC as provided

by Code of Civil Procedure section 512.010 et seq.  GMAC will hold the Collateral for not less

than 10 days in order to allow Groth Chevrolet an opportunity to obtain redelivery of the

Collateral pursuant to Code of Civil Procedure section 514.010 et seq.

14.     Groth Chevrolet agrees that GMAC is not required to post an undertaking pursuant

to California Code of Civil Procedure §515.010(b).

15.     The written undertaking required by Groth Chevrolet for redelivery or to stay

delivery shall be in the amount of $2,500,000.00.

16.     The Clerk of this Court shall attach a copy of the Order to the Writ of Possession.

17.     GMAC's representatives shall, if the levying officer so requests, accompany the

levying officer to the business premises described above, to review and examine Groth

Chevrolet's books and records relating to the vehicles and parts constituting the Collateral in

order to determine the status, location and time and date of return of any Collateral.  GMAC's

representative is authorized to remain at the Dealership at all times until all the Collateral is

removed from the Dealership.

18.     The levying officer and its deputies while accomplishing such seizure shall employ

whatever reasonable force necessary to break open and enter the Dealership, regardless of

whether said premises and/or location is locked or unlocked or occupied or unoccupied, and to

inspect the contents of any parking lot, garage, room, vehicle, container or desk or document.

IT IS FURTHER ORDERED THAT:

19.     Groth Chevrolet, its agents, employees, and/or all persons acting for it or on its

behalf, are hereby immediately restrained and enjoined from transferring any interest in the

Collateral by lease, sale, pledge, gift, or grant of security interest or otherwise disposing of,

encumbering, secreting or transferring possession of the Collateral, in any manner which would prevent, hinder, or delay the levying officer from taking possession of the Collateral.

20. Groth Chevrolet, its agents, employees and/or anyone acting on its behalf, are hereby immediately restrained and enjoined from transferring any interest by sale, pledge, gift or grant of security interest or otherwise disposing of, or encumbering the Collateral identified on the attached **Exhibit A** or described on the attached **Exhibit B**.

21. In the event that Groth Chevrolet ceases to conduct business, GMAC is authorized to have all mail to be delivered to Groth Chevrolet redirected to a post office box that GMAC will maintain for the purpose of receiving Groth Chevrolet's mail. GMAC will be authorized to open the mail to Groth Chevrolet and to take possession of all money paid to Groth Chevrolet and to endorse all checks, money orders, and other forms of payment to GMAC and to apply the funds to the contract balances owing by Groth Chevrolet to GMAC. Groth Chevrolet, its officers, or its appointed employees or agents are permitted to be present when GMAC opens any such redirected mail. The parties shall cooperate in scheduling a reasonable time for the opening of the redirected mail.

DATED: September 24 _____, 2010

By: _____



IT IS SO ORDERED

Judge Phyllis J. Hamilton

**Exhibit A**

| VIN | N/U | Model Year | Model |
|---|---|---|---|
| 2G1FT1EW4A9106827 | N | 2010 | CAMARO |
| 1G1YY36W395114768 | N | 2009 | CORVETTE |
| 1GBJC74K09E135435 | N | 2009 | SILVERADO |
| 1G1AH5F56A7123591 | N | 2010 | COBALT |
| 3GCRCSE38AG132160 | N | 2010 | SILVERADO |
| 1G1ZC5EB9AF172864 | N | 2010 | MALIBU |
| 3GNBACDVXAS559988 | N | 2010 | HHR |
| 1G1ZB5EBXAF178269 | N | 2010 | MALIBU |
| 1G1AD5F50A7144514 | N | 2010 | COBALT |
| 1GNUKAE08AR142367 | N | 2010 | TAHOE K1500 |
| 2G1WB5EN3A1189828 | N | 2010 | IMPALA |
| 1GCDSCD94A8123132 | N | 2010 | COLORADO |
| 2G1FC1EV7A9190925 | N | 2010 | CAMARO |
| 2G1WA5EN0A1205485 | N | 2010 | IMPALA |
| 2G1FK1EJ4A9207857 | N | 2010 | CAMARO |
| 3GCRKREA3AG226442 | N | 2010 | SILVERADO |
| 1GNUCBE08AR229981 | N | 2010 | TAHOE C1500 |
| 1GNKRGED2BJ105369 | N | 2011 | TRAVERSE |
| 3GCRKSE31AG276023 | N | 2010 | SILVERADO |
| 1GNSKBE01BR100850 | N | 2011 | TAHOE K1500 |
| 3GCPKTE23BG101424 | N | 2011 | SILVERADO |
| 1GNKVLED4BJ143240 | N | 2011 | TRAVERSE |
| 2G1WT55K379109294 | U | 2007 | IMPALA |

**Exhibit B**

Case 4:10-cv-01669-PJH Document 36 Filed 09/24/10 Page 9 of 10

Left margin: GROTH BROS. CHEVROLET
Right margin: BAC 117732 201002

**GM OPERATING REPORT**

| | | | | |
|---|---|---|---|---|
| CHEV-CARS & TRKS | - | BUIC-CARS & TRKS | - | GEO-CARS & TRKS | - |
| CHEV-TRKS | 186 | CADI-CARS & TRKS | - | SATU-CARS & TRKS | - |
| PONT-CARS & TRKS | - | GMC-CARS & TRKS | - | | |
| OLDS-CARS & TRKS | - | HUMM-CARS & TRKS | - | TOTAL RPG | 236 |

BUSINESS ASSOCIATE CODE: 117732

| | |
|---|---|
| DEALER NAME | GROTH BROS. CHEVROLET |
| ADDRESS | 59 SOUTH L STREET |
| CITY & STATE | LIVERMORE CA 94550-3101 |
| FROM | January 1 2010 |
| THRU | February 28 2010 |

## ASSETS

| LN NO | ASSETS | NO | AMOUNT |
|---|---|---|---|
| 7 | C CASH ON HAND | 200 | 1,191 |
| 8 | A CASH IN BANK | 202 | 901,859 |
| 9 | S CONTRACTS IN TRANSIT | 205 | 92,440 |
| 10 | H SECURITIES | 260 | 0 |
| 12 | TOTAL CASH AND CONTRACTS | | 995,490 |
| 13 | NET CUSTOMER RECEIVABLES (FROM P.37) | | 14,248 |
| 14 | R FACTORY RECEIVABLES | 261 | 22,647 |
| 15 | E DUE FROM FINANCE COMPANIES | 262 | 7,991 |
| 16 | C WARRANTY CLAIMS | 263 | 20,917 |
| 17 | INS. COMMISSIONS RECEIVABLE | 264 | 0 |
| 19 | E TOTAL RECEIVABLES | | 65,803 |
| 20 | DEMONSTRATORS 0 | 230 | |
| 21 | N NEW CARS 36 | 231 | 882,885 |
| 22 | N NEW TRUCKS 47 | 237 | 1,717,099 |
| 23 | T NEW MD TRUCKS 0 | 238 | |
| 24 | E OTHER AUTOMOTIVE 0 | 238 | |
| 25 | N USED CARS 6 | 240 | 57,197 |
| 26 | T USED TRUCKS 10 | 241 | 128,845 |
| 27 | O PARTS AND ACCESSORIES | 242 | 175,641 |
| 28 | R TIRES | 243 | 1,887 |
| 29 | I GAS, OIL AND GREASE | 244 | 0 |
| 30 | E PAINT AND BODY SHOP MATERIALS | 245 | 10,000 |
| 31 | S SUBLET REPAIRS | 246 | 2,103 |
| 32 | WORK IN PROCESS-LABOR | 247 | 17,612 |
| 33 | E OTHER | 252 | 1,543 |
| 34 | MISC. ASSETS RECEIVED IN TRADE | 258 | |
| 35 | LIFO RESERVE (FROM P.7) | | (737,132) |
| 36 | TOTAL INVENTORIES | | 2,257,680 |
| 37 | O PREPAID EXPENSES TAXES | 270 | |
| 38 | T INSURANCE | 271 | |
| 39 | H OTHER | 274 | 1,258,264 |
| 40 | TOTAL CURRENT ASSETS | | 4,577,237 |
| 41 | W A DRIVER TRAINING VEHICLES 0 | 275 | |
| 42 | K S LEASE & RENTAL UNITS 0 | 277 | |
| 43 | G T L & R ACCUMULATED DEP. 0 | | |
| 44 | TOTAL CURRENT AND WORKING ASSETS | | 4,577,237 |

### FIXED ASSETS

| LN NO | ACCOUNT | COST | ACCUM DEP | NO | AMOUNT |
|---|---|---|---|---|---|
| 47 | A LAND | 0 | | 280 | |
| 48 | U BLDGS & IMP. | 2,226 | 0 | | 2,226 |
| 49 | L LEASE HOLDS | 311,303 | 242,556 | | 68,747 |
| 50 | O IT-HARDWARE | 0 | 0 | | |
| 51 | L IT-SOFTWARE | 0 | 0 | | |
| 52 | B Y M&S EQUIP | 622,476 | 575,849 | | 46,627 |
| 53 | P&A EQUIP | 12,718 | 10,818 | | 1,900 |
| 54 | D FURN & FIXTRS | 197,879 | 200,974 | | (3,095) |
| 55 | CO. VEHICLES | 330,206 | 260,210 | | 69,996 |
| 56 | OTHER | 0 | 0 | | |
| 57 | TOTALS (45..52) | 1,476,808 | 1,290,407 | | 186,401 |
| 58 | MEMO CO VEHICLES 26 TRUCKS | | | | |
| 59 | O A LIFE INSURANCE-CASH VALUE | | | 291 | 0 |
| 60 | T S NOTES & ACCNT RECEIVABLE-OFFICERS | | | 293 | 0 |
| 61 | H E NOTES & ACCOUNTS RECEIVABLE-OTHER | | | 294 | 0 |
| 62 | E E OTHER INVESTMENTS & MISC. ASSETS | | | 296 | 0 |
| 64 | S TOTAL OTHER ASSETS | | | | 0 |
| 65 | TOTAL ASSETS | | | | 4,763,638 |

## LIABILITIES

| LN NO | LIABILITIES | NO | AMOUNT |
|---|---|---|---|
| 7 | CASH IN BANK CREDIT BALANCE | 202 | 0 |
| 8 | A ACCTS PAYABLE-TRADE CREDITORS | 300 | 393,321 |
| 9 | C U ACC. RECEIVABLE CREDIT BAL. | 220 | 0 |
| 10 | R C CUSTOMER DEPOSITS | 220 | 0 |
| 11 | R WARRANTY CLAIMS ADVANCE | 305 | 0 |
| 12 | E U NOTES PAYABLE-NEW VEH &DEMOS | 310 | 2,688,042 |
| 13 | N N *MEMO: DELAYED PAYMENT-ACCT. 310 | | |
| 14 | T $ 0 | | |
| 15 | L NOTES PAYABLE-USED VEHICLES | 311 | 0 |
| 16 | NOTES PAYABLE-LEASE & RENTAL UNITS | 312 | 0 |
| 17 | L NOTES PAYABLE-OTHER | 314 | 184,039 |
| 19 | A INTEREST PAYABLE | 320 | 0 |
| 20 | B A SALARIES, WAGES & COMM. PAYABLE | 321 | 0 |
| 21 | L C INSURANCE PAYABLE | 322 | 0 |
| 22 | L PAYROLL TAXES PAYABLE | 323 | 0 |
| 23 | O R SALES TAXES PAYABLE | 324 | 40,893 |
| 24 | T OTHER TAXES PAYABLE | 325 | 0 |
| 25 | E INCOME TAXES PAYABLE | 327 | 0 |
| 26 | D EMPLOYEE'S INCENTIVES/BONUSES PAYABLE | 328 | 0 |
| 27 | OWNER'S BONUSES PAYABLE | 329 | 0 |
| 28 | RETIREMENT BENEFITS PAYABLE | 330 | 0 |
| 29 | OTHER PAYABLES | 331 | 0 |
| 31 | TOTAL CURRENT LIABILITIES | | 3,306,295 |
| 32 | L RESERVES AND DEFERRALS | 332 | 0 |
| 34 | L O A LONG TERM DEBT | 334 | 0 |
| 36 | N G DEFFERED TAXES | 333 | 0 |
| 37 | O L TOTAL (Ln 31 to 36) | | 3,306,295 |
| 39 | T E MORTGAGES PAYABLE-REAL ESTATE | 335 | 0 |
| 42 | R M TOTAL LIABILITIES (Ln 37 to 41) | | 3,306,295 |
| 43 | NET QUALIFIED L.T.D. $ | | 0 |
| 44 | WRKG. DEALER | | 2,008,074 |
| 45 | CAP. STANDARD | | 1,100,000 |

### PROFIT OR LOSS SUMMARY

CORPORATION TYPE: C-Corp.

| | TOT. NEW | RTL NEW | RTL USED | PROFIT/ LOSS | | NET WORTH | NO. | |
|---|---|---|---|---|---|---|---|---|
| 49 | 15 | 15 | 9 | 7,218 | | ADJ'L PD IN CAP | 360 | 676,740 |
| 51 | 13 | 13 | 14 | 7,401 | | | | |
| 52 | | | | | | RET. EARNINGS | 370 | 765,983 |
| 53 | | | | | | DIVIDENDS | 375 | 0 |
| 55 | | | | | | INVESTMENTS | 380 | 0 |
| 59 | | | | | | TO BAL +/- $100 | | |
| 60 | | | | | | DRAWINGS | 390 | 0 |
| 61 | | | | | | DLR TO BAL | | |
| 62 | Tot 28 | 28 | 23 | 14,619 | | COMP TO BAL | | |
| 63 | PROFIT OR LOSS | | | 14,620 | | | 399 | |
| 64 | TOTAL NET WORTH | | | | | | | 1,457,343 |
| 65 | TOTAL LIABILITIES & NET WORTH | | | | | | | 4,763,638 |

# GENERAL SECURITY AGREEMENT

Dated: _4-25-04_

For the purpose of securing the payment and performance of any and all obligations, loans, credit extensions, indebtedness, liabilities, and duties, whether contingent or matured, now or hereafter owing to General Motors Acceptance Corporation, ("GMAC"), and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Groth Bros. Oldsmobile, Inc., conducting business at P.O. Box 5019 Livermore, CA 94551, ("Dealer"), grants to GMAC a security interest in, and a collateral assignment of, any and all of the following described property in which Dealer now or hereafter acquires an interest, wherever located, in whatever form, and in any and all proceeds thereof: inventory, equipment, fixtures, accounts receivable, contract rights, securities, cash, general intangibles, documents, instruments, chattel paper, investment property and commercial tort claims (the "Collateral").

Dealer has the power and authority to enter into this Security Agreement, and has taken all steps necessary to ensure that this Agreement is legally valid and enforceable.

Unless GMAC provides written consent, Dealer must not sell, transfer or otherwise dispose of any Collateral other than in the ordinary course of Dealer's business. GMAC has the right to inspect the Collateral and Dealer's related books and records. Dealer authorizes GMAC or its designee to execute on behalf of Dealer and to file any and all UCC financing statements to confirm, create, perfect, continue, modify or extend GMAC's security interest in and to the Collateral.

Upon default and in addition to all other rights and remedies provided by law, GMAC has the remedies of a secured party under the Uniform Commercial Code including, without limitation, the right to take possession, or receive, collect, endorse and negotiate any of the Collateral. For this purpose GMAC may enter upon the premises where the Collateral is situated and remove the Collateral. In the event GMAC takes possession of the Collateral, GMAC may sell it at public or private sale or otherwise in a commercially reasonable manner and apply the proceeds of this sale or disposition, less the expenses of retaking, holding, preparing for sale, and selling the Collateral and reasonable attorney's fees and legal expenses incurred by GMAC, to the partial or complete satisfaction of any of Dealer's indebtedness or obligation to GMAC. Upon default by Dealer and demand by GMAC, Dealer must segregate and account for the Collateral and the proceeds thereof.

If any notification of intended disposition of any of the Collateral is required by law, notice will be considered reasonably and properly given if it is mailed at least ten days before the scheduled disposition (unless a different time is specifically allowed or required by law) and addressed to the Dealer at the address shown above.

Any provision of this Agreement prohibited by law is ineffective only to the extent of the prohibition without invalidating the remaining provisions of this Agreement. The non-enforcement by GMAC of any right under this Agreement is not a waiver thereof.

This Agreement is binding on Dealer and GMAC and their respective successors, administrators and assigns.

Signed: _H.29 6'_____ , 2004

Groth Bros. Oldsmobile, Inc.

By: _____        Witness

                                    By: _____

General Motors Acceptance Corporation

By: _____        By: _____

Title: _Assistant Secretary_

GMAC Form G-GSA
(11/2000)